UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **RICHARD A. LABIT**<br>     **LA. DOC #195223**<br>**VS.** | **CIVIL ACTION NO. 6:15-cv-1931**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Richard A. Labit, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* on June 22, 2015. Petitioner attacks his 2010 conviction for attempted second degree murder and the 20 year sentence imposed thereon by the Sixteenth Judicial District Court, St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

According to petitioner, in a Bill of Information filed on December 10, 2009 he was charged with two counts of attempted second degree murder and one count of assault by drive-by shooting. Thereafter on December 22, 2009 another Bill was filed charging him with a single count of attempted second degree murder. [Doc. 1-2, pp. 1-2] On January 5, 2010 he was arraigned on the latter bill and through counsel waived the reading of the bill and entered a plea of not guilty. [Doc. 1-3, p. 93] On June 3, 2010 petitioner pled guilty to attempted second degree

murder. On September 15, 2010 a sentencing hearing was conducted, and, at its conclusion, petitioner was sentenced to serve 20 years at hard labor. [See Doc. 1-3, p. 91] He did not appeal. [Doc. 1, ¶6(a)]

According to petitioner, sometime in December 2010 he filed a Motion for Production of Documents which sought production of the transcripts of his plea and sentencing among other things; his motion was granted, and shortly thereafter petitioner received some but not all of the documents requested. [Doc. 1-3, p. 52] According to the petitioner, he "received part of the documents that he requested, except the verbatim copy of the transcripts concerning the Imposition of Sentence." [Doc. 1-2, p. 2] In a letter dated October 5, 2011 the Clerk of Court advised petitioner that the sentencing transcript had not yet been filed into the record. [Doc. 1-3, p. 91] According to petitioner he did not receive a copy of the transcript of the sentencing hearing until May 23, 2013. [Doc. 1-3, p. 52][1]

On September 30, 2013 petitioner signed and then filed an application for post-conviction relief in the Sixteenth Judicial District Court. He raised two claims for relief. In Claim One, petitioner alleged that he was misled into pleading guilty by virtue of the fact that the District Attorney amended the bill of information on December 22, 2009 to charge only one count of attempted second degree murder, but a previously filed bill dated December 10, 2009 charged petitioner with two counts of attempted second degree murder and one count of assault by drive by shooting. Petitioner implied that he entered his guilty plea in order to avoid criminal liability

---

[1] At some point in 2011 petitioner filed an application for mandamus seeking an order from the First Circuit Court of Appeal directing the production of the documents requested. On June 7, 2011 the First Circuit denied relief noting that the trial court had granted his motion on January 26, 2011. *State of Louisiana v. Richard Labit*, No. 2011-KW-0206. [Doc. 1-3, pp. 89-90]

on the additional charges contained in the December 10 bill of information only to later find out that the information had been superceded by the December 22 bill and that he was not guilty of attempted murder or assault by drive by shooting since he had no intent to kill or inflict great bodily harm and he was parked at the time he fired a single shot at the victim's vehicle. In Claim Two petitioner argued ineffective assistance of counsel based on trial counsel's alleged failure (a) to file any pretrial motions; (b) to allow the District Attorney to use a bill of information to coerce petitioner into pleading guilty; (c) to object to statements made by the Assistant District Attorney concerning the number of shots fired and the petitioner's intent to cause death or great bodily harm. [Doc. 1-3, pp. 1-37] Thereafter, on unspecified dates in 2014 petitioner filed a Supplemental Application for Post-Conviction Relief [Doc. 1-3, pp. 38-44] and a Motion for Production of Documents. [Doc. 1-3, pp. 45-50] The former pleading was an effort to provide jurisprudential support for the claims raised in his original application; the latter sought production of the transcript of petitioner's arraignment, court minutes, bill of information, and transcripts of the plea colloquy and trial.

      Thereafter, the State filed a Motion to Dismiss Defendant's Application for Post-Conviction Relief on the grounds that the application was time-barred by the provisions of La. C.Cr.P. art. 930.8 having been filed beyond the 2 year period of limitations established by the article. [Doc. 1-3, p. 55] In response, petitioner filed an opposition asking the Court to reckon limitations from a later date because "... the facts upon which the claim is predicated were not known to the petitioner or his attorney..." In support thereof petitioner noted that he did not receive a copy of the sentencing transcript until May 29, 2013, a date subsequent to the date he filed his application for post-conviction relief, and, it was this document he needed in order "to

collaterally attack his sentence and conviction on ineffective assistances [sic] of counsel." [Doc. 1-3, pp. 56-64]

In any event, the District Court denied the State's motion to dismiss and convened an evidentiary hearing. The State applied for writs in the First Circuit Court of Appeal and on July 14, 2014 the Court granted the State's writ application noting, "... relator was aware that he was not facing multiple charges before he entered his guilty plea, and before he received the bills of information from defense counsel in 2013. Furthermore, relator's own statement in his memorandum in support of the application for postconviction relief reflects that he was also aware of the fact that defense counsel did not file pretrial motions on his behalf. Since the facts-not-known exception is inapplicable, the defendant's application for postconviction relief, which was filed in 2013, is untimely." The Court thereupon reversed the District Court, granted the State's procedural objection and dismissed petitioner's application for post-conviction relief. *State of Louisiana v. Richard Allen Labit*, No. 2014-KW-0838. [Doc. 1-3, p. 65]

On some unspecified date petitioner filed a writ application in the Louisiana Supreme Court [Doc. 1-3, pp. 66-80] and thereafter a supplemental writ application. [Doc. 1-3, pp. 81-88] His writ application was assigned Docket Number 2014-KH-1721 [Doc. 1-3, p. 82] On May 22, 2015 the Supreme Court, citing La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, denied petitioner's writ application. *State of Louisiana ex rel. Richard Allen Labit v. State of Louisiana*, 2014-1721 (La. 5/22/2015), — So.3d —, 2015 WL 3616992. [Doc. 1-3, p. 139]

Petitioner filed the instant petition for *habeas corpus* on June 22, 2015. He raised claims of ineffective assistance of counsel and coerced guilty plea. [Doc. 1, ¶5]

4

*Law and Analysis*

***1. Limitations***

Title 28 U.S.C. §2244(d)(1)(A) wa s amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[2] Nothing in the record suggests that any State created impediments prevented the filing of this petition; nothing suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; nor does it appear that petitioner is relying upon the recent discovery of the factual basis for his claims for relief. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Nevertheless, and out of an abundance of precaution, limitations as provided in Subsections (B) and (D) is discussed more fully in Subsection 2, below.

Petitioner did not appeal his conviction and sentence. [Doc. 1, ¶6(a)] For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following September 15, 2010 (the date that petitioner was sentenced, see Doc. 1-3, p. 91)[3] or, on or about October 15, 2010. Petitioner had one year from that date, or until October 15, 2011 to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provision of Section 2244(d)(2) because he did not file his first collateral attack of his conviction in the District Court until September 30, 2013 [Doc. 1-3, pp. 1-37] and by that time the limitations period had already expired and could not be revived, since, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467.

Petitioner argues that his petition is timely because he "was granted an out-of-time post-conviction relief application by the State District Court." [Doc. 1, ¶4] While this allegation is apparently true, the evidence and exhibits clearly establish that the trial court's order was clearly erroneous and ultimately vacated and petitioner's application for post-conviction relief was thereafter dismissed as untimely. See *State of Louisiana v. Richard Allen Labit*, No. 2014-KW-0838 (La. App. 1 Cir. 7/14/2014) at Doc. 1-3, p. 65; and *State of Louisiana ex rel. Richard Allen Labit v. State of Louisiana*, 2014-1721 (La. 5/22/2015), — So.3d —, 2015 WL 3616992. [Doc. 1-3, p. 139]

---

[3] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

Thus, it is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

*2. Limitations – 28 U.S.C. §2244(d)(1)(B) and (D)*

In his State court applications for post-conviction relief, petitioner argued that he was entitled to toll limitations in accordance with La. C.Cr.P. art. 930.8(A)(1) because "... the facts upon which the claim [was] predicated were not known to the petitioner or his prior attorneys..." This claim was rejected by the First Circuit and the Louisiana Supreme Court. To the extent that he implies that he is entitled to reckon limitations as provided in Section 2244(d)(1)(D), his claim must likewise fail. That article provides that the one year period of limitations may be calculated from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Clearly, the factual predicates of petitioner's ineffective assistance of counsel and coerced guilty plea claims were known or at least were <u>discoverable</u> by petitioner at the time petitioner entered his plea. In other words, petitioner is not entitled to tolling pursuant to Section 2244(d)(1)(D).

Likewise, to the extent that petitioner claims a State created impediment – delay in producing the sentencing transcript – hindered his attempts to collaterally attack his conviction as provided in Section 2244(d)(1)(B), such a claim is likewise without merit. Petitioner implies that the failure to produce the transcript of his sentencing hearing was a State created impediment. However, as noted from the chronology above, petitioner was able to file his application for post-conviction relief prior to the date he received the transcript. Further, all of the information contained in the transcript should have been known by petitioner at the time of

sentencing. In other words, petitioner is not entitled to reckon limitations as provided in Section 2244(d)(1)(B).

### 3. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529

U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

*Recommendation and Orders*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana August 25, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE:   8/25/2015
BY:         EFA
TO:         RTH
                pj